UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-03033-NYW-KLM

JAMES BOWLING, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DAVITA, INC.,

    Defendant.

---

### ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix issued on April 10, 2023.[1]  [Doc. 89].  Judge Mix recommends that Plaintiff's Opposed Motion for Leave to Amend Complaint [Doc. 60] be denied.  *See* [Doc. 89 at 9].

    The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties.  [*Id.*]; *see also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on April 12, 2023.  *See generally* [Doc. 89].  No Party has objected to the Recommendation and the time to do so has elapsed.

    In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [Magistrate Judge's] factual or legal

---

[1] Though the Recommendation bears both dates of April 10, 2023 and April 11, 2023, [Doc. 89 at 10], the District of Colorado's Electronic Case Filing ("ECF") system indicates that it was docketed on April 10, 2023.  In either case, more than fourteen days have passed since its service.

conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

In this matter, the Recommendation states:

> While Plaintiff argues that the Tenth Circuit has not decided that the good cause standard applies to a motion to amend filed after the amendment deadline (Motion [#60] at 6-7), this Court and District Judge Nina M. [sic] Wang, as well as the majority of Courts in this district, have found that Rule 16(b)(4) applies in this circumstance.

[Doc. 89 at 3]. Plaintiff is incorrect. The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") clearly resolved any ambiguity as to whether the good cause standard applies after the amendment deadline in *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014), holding:

> After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard.

*Id.* at 1240. This proposition has been repeatedly articulated by the Tenth Circuit since *Gorsuch*. *See Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) ("A party seeking leave to amend after a scheduling order deadline must satisfy both the [Federal Rule of Civil Procedure] 16(b) and Rule 15(a) standards." (citing *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (alterations in original)); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

The Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

Accordingly, it is **ORDERED** that:

(1)   The Recommendation of United States Magistrate Judge Kristen L. Mix [Doc. 89] is **ADOPTED**; and

(2)   Plaintiff's Opposed Motion for Leave to Amend Complaint [Doc. 60] is **DENIED**.

DATED:  April 28, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge