**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-03033-NYW-KAS

JAMES BOWLING, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DAVITA, INC.,

    Defendant.

---

### ORDER ON JOINT MOTION FOR APPROVAL OF REVISED FLSA NOTICE

---

This matter is before the Court on the Joint Motion for Approval of Revised FLSA Notice & Proposed Phase II Discovery Plan (the "Motion"). [Doc. 98]. For the reasons set forth in this Order, the Motion is **GRANTED in part, subject to the Court's amendment of the Notice**, and **REFERRED in part**.

### BACKGROUND

This Court has previously set out the background of this case in detail, *see* [Doc. 92], and repeats it here only as necessary for purposes of this Order. Plaintiff James Bowling ("Plaintiff" or "Mr. Bowling") initiated this collective action on November 10, 2021 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, [Doc. 1], and filed his Amended Complaint on February 14, 2022. [Doc. 31]. Plaintiff alleges generally that Defendant DaVita, Inc. ("Defendant" or "DaVita") has failed to provide bona fide meal breaks to its employees and has failed to adequately compensate its employees for time worked during their meal breaks in violation of the FLSA. [*Id.* at ¶¶ 1, 4]. Accordingly, Mr. Bowling claims that DaVita violated the

FLSA by failing to properly compensate employees for overtime hours worked. [*Id.* at ¶ 4]. Mr. Bowling asserts a single claim, alleging a violation of 29 U.S.C. § 207 for failure to pay proper overtime wages. [*Id.* at ¶¶ 5, 31–39].

> Thereafter, Plaintiff moved for conditional certification of the following collective:
>
> All current and former hourly-paid nurses and technicians employed at any DaVita location to provide direct patient care who did not receive fully relieved meal breaks who may be owed overtime pay under the FLSA for workweeks in which they worked more than forty (40) hours per week including any deducted meal breaks.

[Doc. 73 at 18–19]. On July 6, 2023, this Court granted Plaintiff's motion for conditional certification in part and denied it in part. [Doc. 92]. The Court declined to conditionally certify a nationwide or companywide collective but permitted conditional certification "with respect to nurses and technicians who worked at DaVita during the relevant time period in . . . nine states: Arkansas; Florida; Georgia; Louisiana; Oklahoma; New York; Tennessee; Texas; and Virginia." [*Id.* at 15]. The Court denied Plaintiff's motion to the extent it asked for Court approval of Plaintiff's proposed FLSA notice based on certain deficiencies in the proposed notice. [*Id.* at 16]. The Court ordered the Parties to meet and confer and submit a renewed motion seeking approval of a notice and consent form. [*Id.* at 22].

After receiving a few extensions of time, *see* [Doc. 93; Doc. 94; Doc. 96; Doc. 97], the Parties filed the joint Motion on September 5, 2023. [Doc. 98]. In their Motion, they seek Court approval of a newly submitted joint notice and consent form (the "Revised Proposed Notice" and the "Revised Proposed Consent Form") and their proposed Phase II discovery plan.[1] [*Id.* at 1]. The Court evaluates the Revised Proposed Notice and Revised Proposed Consent Form below.

---

[1] The Scheduling Order contemplates three phases of discovery. [Doc. 42 at 7]. In the first phase, the Parties "focus[ed] on the Named Plaintiff[] and opt-in plaintiffs and the discovery necessary for conditional certification of the FLSA collective action." [*Id.*]. The first phase of discovery closed on September 22, 2022. [*Id.* at 8; Doc. 48]. The second phase of discovery is expected to

2

## ANALYSIS

The FLSA mandates that "[n]o employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). To inform all potential opt-in plaintiffs of the action, a court may authorize a plaintiff to send out notices and opt-in consent forms to putative collective action members. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989). "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *MacDonald v. Covenant Testing Techs., LLC*, No. 18-cv-02290-NRN, 2019 WL 1755282, at *6 (D. Colo. Apr. 18, 2019) (quotation and alteration marks omitted).

"Notice to FLSA collective action members must 'contain accurate information concerning the collective action so that potential plaintiffs can make informed decisions as to their participation.'" *Levine v. Vitamin Cottage Nat. Food Mkts. Inc.*, No. 20-cv-00261-STV, 2020 WL 6546734, at *4 (D. Colo. Nov. 6, 2020) (quoting *Armijo v. Star Farms, Inc.*, No. 14-cv-01785-MSK-MJW, 2015 WL 13310426, at *2 (D. Colo. Dec. 14, 2015)). An FLSA notice should describe the nature of the FLSA collective action and offer the recipient the opportunity to "opt-in" to the action by filing a consent form. *Pena v. Home Care of Denver, LLC*, No. 19-cv-00069-CMA-NYW, 2019 WL 5577947, at *2 (D. Colo. Oct. 29, 2019). "It should also advise recipients of their right to be represented by counsel for the original plaintiff, to obtain independent representation, or to participate *pro se*," as well as explain "certain rights of an 'opt-in' plaintiff,

---

"focus on (1) the claims of those individuals who file consents to join the action under 29 U.S.C. § 216(b), and (2) whether de-certification is warranted." [Doc. 42 at 7].

3

including the right not to be bound by a settlement that the original plaintiff advocates." *Id.* (citing *Ortez v. United Parcel Serv., Inc.*, No. 17-cv-01202-CMA-SKC, 2018 WL 4328170, at *3 (D. Colo. Sept. 11, 2018)). The Court has "broad discretion regarding the details of the notice sent to potential opt-in plaintiffs." *Lindsay v. Cutters Wireline Serv., Inc.*, No. 17-cv-01445-PAB-KLM, 2018 WL 4075877, at *3 (D. Colo. Aug. 27, 2018). "Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter [the] plaintiff's proposed notice unless such alteration is necessary." *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009).

In its July Order, the Court concluded that Plaintiff's original proposed notice required modifications. [Doc. 92 at 17]. First, the Court determined that the original proposed notice needed to be modified to account for the Court's narrowing of the proposed collective and to clearly set out the applicable opt-in period. [*Id.* at 17–18]. The Court also concluded that Plaintiff's proposed notice was "in part[] substantively inaccurate" because it "contemplat[ed] claims that are not pending in this action" and "improperly inform[ed] potential opt-in plaintiffs that if they opt in, they will be represented by Plaintiff's attorneys." [*Id.* at 18]. The Court explained that the notice "must inform Proposed Collective members that they may join the action and still obtain independent representation or proceed *pro se*." [*Id.* (citing *Pena*, 2019 WL 5577947, at *2; and *Martinez v. Chenault Consulting, Inc.*, No. 1:20-cv-00954-KWR-GJF, 2021 WL 4810655, at *3 (D.N.M. Oct. 15, 2021))]. The Court also noted that the proposed notice failed to inform putative plaintiffs of their right to not be bound by any settlement, even if they opt in to the lawsuit. [*Id.*].

The Revised Proposed Notice corrects these deficiencies. It (1) clearly sets out the 90-day opt-in period, [Doc. 98-1 at 2]; (2) explains the substantive claim in this case, [*id.*]; (3) informs

4

potential plaintiffs that they may choose to be represented by Plaintiff's counsel, obtain different counsel, or represent themselves, [*id.* at 3]; and (4) informs potential plaintiffs that they will not be bound by a settlement in the case. [*Id.*]. The Court finds that the Revised Proposed Notice is sufficient to inform all putative opt-ins of their rights in this action.

Turning to the Revised Proposed Consent Form, the Court similarly finds that it is fair and accurate. The Court notes that the Consent Form provides that, by signing the Consent Form, the signatory "designate[s] the law firm[] and attorneys at WAGE AND HOUR FIRM,[2] as [their] attorneys to prosecute [their] wage claims." [*Id.* at 6 (footnote added)]. Courts have approved consent forms containing language wherein the signatory agrees to be represented by the plaintiff's attorneys. *See, e.g.*, *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1127 (D.N.M. 2017) (approving consent form that stated: "If you join this case by filing your consent, you agree to be represented by the attorneys identified below."). But in *Jackson v. Powersat Communications (USA) LP*, No. 2:20-cv-486 KRS/GJF, 2021 WL 2953129 (D.N.M. July 14, 2021), the court concluded that similar language in a proposed notice was inconsistent with other language in the notice informing potential opt-in plaintiffs that they could choose to hire their own attorney. *Id.* at *6. The *Jackson* court remedied any confusion by requiring the plaintiff to amend the proposed notice to state: "If you choose to join this suit you may choose to hire your own attorney, or you may agree to be represented by Plaintiffs' attorneys. **If you choose to hire your own attorney, do NOT sign and return the attached Consent Form.**" *Id.* (emphasis in original).

Here, the Revised Proposed Notice does state that "If you choose to find your own lawyer or represent yourself, you must submit an 'opt-in' consent form no later than _____. If you

---

[2] The Revised Proposed Notice makes clear that Wage and Hour Firm is Plaintiff's counsel. *See* [Doc. 98-1 at 3 ("If you submit a Consent Form, you will be part of the case and be represented by the attorneys, Ricardo J. Prieto and Melinda Arbuckle of the Wage and Hour Firm.")].

submit a Consent Form, you will be part of the case and be represented by the attorneys[] Ricardo J. Prieto and Melina Arbuckle of the Wage and Hour Firm." [Doc. 98-1 at 3]. The Court is mindful that it should not alter the Revised Proposed Consent Form unless "such alteration is necessary." *Creten-Miller*, 2009 WL 2058734, at *2. However, the Court believes that potential opt-in plaintiffs could be confused by the Parties' proposed language. In an abundance of caution, and to reduce any potential confusion, the Court **ORDERS** Plaintiff to include the following bolded language in the Proposed Notice:

> If you choose to find your own lawyer or represent yourself, you must submit an 'opt-in' consent form no later than _____. If you submit **the attached** Consent Form, you will be part of the case and be represented by the attorneys, Ricardo J. Prieto and Melina Arbuckle of the Wage and Hour Firm. **If you choose to hire your own attorney or represent yourself, do not sign and return the attached Consent Form.**

Accordingly, the Revised Proposed Notice [Doc. 98-1 at 2–5] and the Revised Proposed Consent Form [*id.* at 6–7] are **APPROVED**, subject to the modification ordered above. The Parties' Motion is thus **GRANTED** to the extent it seeks such approval. To the extent the Parties seek court approval of their proposed Phase II discovery plan, *see* [Doc. 98 at 1], this portion of the Motion is **REFERRED** to the Honorable Kathryn A. Starnella.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) The Joint Motion for Approval of Revised FLSA Notice & Proposed Phase II Discovery Plan [Doc. 98] is **GRANTED in part**, insofar as it seeks Court approval of the Revised Proposed Notice and Revised Proposed Consent Form;

(2) The Notice and Consent Form shall be sent to putative opt-in plaintiffs on or before **November 2, 2023**;

6

(3) The opt-in deadline shall be **90 days** from the date the Notice and Consent Form are sent to putative opt-in plaintiffs;

(4) Plaintiff shall file a status report, on or before **November 2, 2023**, informing the Court of the date on which he sent the Notice and Consent Form to putative opt-ins; and

(5) The remainder of the Motion [Doc. 98] is **REFERRED** to Magistrate Judge Kathryn A. Starnella.

DATED:  October 3, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge