**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03033-NYW-KAS

JAMES BOWLING, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DAVITA, INC.,

Defendant.

---

# SCHEDULING ORDER RE PHASE II DISCOVERY

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

On August 30, 2023, counsel for Plaintiff James Bowling, Ricardo J. Prieto of Wage and Hour Law Firm LLP, and counsel for Defendant DaVita, Inc., Abigail S. Wallach of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. attended a telephonic Rule 26(f) Pre-Scheduling Conference to meet and confer regarding the contents herein.

## 2. STATEMENT OF JURISDICTION

*See* Scheduling Order (ECF No. 42, ¶ 2.)

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: *See* Scheduling Order (ECF No. 42, ¶ 3.a.)

b. Defendant: *See* Scheduling Order (ECF No. 42, ¶ 3.b.) In addition, Defendant denies that it is liable to Plaintiff on any theory asserted by him and has asserted affirmative defenses as set forth in its Answer and in its Response to Conditional Certification (ECF No. 78).

## 4. UNDISPUTED FACTS

*See* Scheduling Order (ECF No. 42, ¶ 4.)

## COMPUTATION OF DAMAGES

a. Plaintiff: *See* Scheduling Order (ECF No. 42, ¶ 5.a)

b. Defendant: Defendant denies Plaintiff or a putative collective is entitled to the relief requested. *See* Scheduling Order (ECF No. 42, ¶ 5.b) and Defendant's Response to Conditional Certification (ECF No. 78).

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

The Parties conferred on August 30, 2023.

b. Names of each participant and party he/she represented.

Counsel for Plaintiff:

Ricardo J. Prieto
Melinda Arbuckle
Wage and Hour Firm LLP
400 North Saint Paul St., Ste. 700
Dallas, TX 77046
Telephone: 979.220.2824
rprieto@wageandhourfirm.com
marbuckle@wageandhourfirm.com

Counsel for Defendant:

Michael H. Bell
Abigail S. Wallach
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, Colorado 80222
Telephone: 303.764.6800
mike.bell@ogletree.com
abbey.wallach@ogletree.com

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**N/A in Phase II**

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**N/A in Phase II**

e. Statement concerning any agreements to conduct informal discovery:

No agreements have been made by the Parties concerning informal discovery.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties agree to electronic service of all pleadings, discovery, and other litigation-related materials in lieu of service by mail, express mail, overnight delivery, or fax transmission as required by the Federal Rules of Civil Procedure, which electronic service shall be complete at the time of transmission. The subject line of any item requiring service shall begin with the following nomenclature in the subject line of the electronic mail: ELECTRONIC SERVICE — [NAME OF CASE] – [NAME OF PLEADING/DOCUMENT].

Plaintiff agrees to accept electronic service if sent to all of the following email addresses:

rprieto@wageandhourfirm.com
marbuckle@wageandhourfirm.com
bbelcoff@wageandhourfirm.com

Defendant agrees to accept electronic service if sent to all of the following email addresses:

mike.bell@ogletree.com
abbey.wallach@ogletree.com
alison.shaw@ogletree.com

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties anticipate that some of the relevant documents and/or data relevant in this matter will be stored electronically, but that the nature of the documents, whether digital or analog, will not be an encumbrance to discovery in this case. Plaintiff requests that any ESI data be produced in either text-searchable PDF format or native format, particularly relative to any Excel spreadsheets regarding payroll information.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have throughout the litigation engaged in some informal settlement discussions, including the prospects of an early resolution.
The Parties will conduct a formal settlement conference no later than **December 31, 2024.**

## 7.
## CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

*****See 12/21/23 Minute Order for imposed discovery limitations, incl. # and length of depos and # of discov requests.*****

a. **Phase II Discovery**

Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

For **Phase II**, the Parties propose as follows:

Plaintiff proposes that discovery proceed on a representative basis proportional to the needs of the case and related to the number of individuals who opt into the case at the end of the opt in period, exclusive of experts retained in this action by the Parties and depositions solely of records custodians as may be necessary to obtain documents in possession of nonparties to this action. Because it is currently unknown how many individuals will opt-in, Plaintiff proposes that the Parties meet-and-confer within 14 days after the close of the opt in period to determine an appropriate representative sample size for deposition. For each of Defendant's locations where an opt-In Plaintiff is deposed, Plaintiff proposes that Defendant make available a manager for deposition. Plaintiff proposes that each Party select half of the opt-in Plaintiffs to be deposed. Plaintiff also intends to depose a corporate representative(s) of Defendant. Furthermore, Plaintiff proposes that unless the Parties can demonstrate a clear need and harm, depositions shall take place via Zoom. Plaintiff further proposes that each opt-in Plaintiff that is selected for deposition may be served with up to 5 interrogatories by Defendant. Likewise, Plaintiff may serve Defendant with up to 5 interrogatories per each manager and corporate representative designated for deposition. Plaintiff proposes that discovery begin after the close of the opt in period.

Defendant proposes up to 50 depositions or 15% of the opt-in collective, whichever is higher, exclusive of experts retained in this action by the Parties and depositions solely of records custodians as may be necessary to obtain documents in possession of nonparties to this action. Defendant is to select the opt-ins who it will depose. Defendant

will depose the named Plaintiff in person. Defendant reserves the right to depose certain opt-in Plaintiffs in person and will confer with counsel regarding the location of each deposition. In addition and as to Phase II, Defendant proposes that Defendant will serve up to 20 written interrogatories on all opt-ins, (in addition to those written interrogatories already propounded in Phase I), including subparts.

b. Limitations which any party proposes on the length of depositions. *****See 12/21/23 Min. Order****

Plaintiff proposes 4 hours for each of Defendant's manager(s) and corporate representative(s) designated for deposition, Plaintiff and/or opt-in Plaintiffs. The Parties agree to meet and confer if any opt-in deposition cannot be completed in 4 hours.

Defendant proposes 7 hours, consistent with the Federal Rules of Civil Procedure, for Plaintiff and 4 hours for each opt-in Plaintiff. The Parties agree to meet and confer if any opt-in deposition cannot be completed in 4 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission. *****See 12/21/23 Min. Order*****

As to **Phase II** only, Defendant proposes serving up to an additional 20 requests for admissions and 20 requests for production on all opt-ins. Plaintiff proposes limiting the aforementioned to 10 as to Plaintiff, opt-in Plaintiff, and to Defendant for each manager and corporate representative designated for deposition.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

No later than 45 days prior to the close of the discovery period.

e. Other Planning or Discovery Orders

None at this time.

**9. CASE PLAN AND SCHEDULE**

a. Deadline for Joinder of Parties and Amendment of Pleadings: **N/A**

b. Deadline for Plaintiff to Submit to the Court his Revised FLSA Notice, including Consent to Join Form: **September 5, 2023**

c. Discovery Cut-off: and the Parties request a nine-month discovery period that begins after the close of the opt in period. ****With opt-in deadline of Jan. 31, 2024, 9-month discov closes on 10/31/2024.****

d. Dispositive Motion & Motion to Certify Collective Deadline: **Two months after the close of Phase II discovery.** **Deadline set at Jan. 17, 2025**

e. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff anticipates that it will use an expert related to data and/or damages calculations. Plaintiff's counsel shall provide testimony in support of its attorney's fees and expenses incurred, assuming Plaintiff is a prevailing party as that term is defined under the FLSA.

Defendant: Subject to additional consideration, Defendant anticipates that it will use an expert related to data and/or alleged hours worked.

2. Limitations which the parties propose on the use or number of expert witnesses.

One per side, not including rebuttal expert(s).

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **90 days before the close of discovery** . *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **45 days before the close of discovery**. *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

e. Identification of Persons to Be Deposed:

Plaintiff anticipates deposing Defendant's managers, a corporate representative(s), Defendant's expert(s), and any other individual with relevant knowledge regarding the claims and defenses in this action.

Defendant anticipates deposing 50 opt-in plaintiffs or 15% of the opt-in class, whichever is higher.

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times:

______________________________________________________.

b. A final pretrial conference will be held in this case on ____________at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

Plaintiff has requested a jury trial. The Parties anticipate a trial of 4-5 days, depending on the number of opt-ins.

The Parties estimate the case will be ready for trial in mid-2025.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities.

None.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____day of ____________, 2023.

BY THE COURT:

______________________________
United States Magistrate Judge

APPROVED:

*s/ Ricardo J. Prieto*

Ricardo J. Prieto
Melinda Arbuckle
Wage and Hour Firm LLP
400 North Saint Paul Street
Suite 700
Dallas, TX 77046
Telephone: 979.220.2824
rprieto@wageandhourfirm.com
marbuckle@wageandhourfirm.com

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS

*s/ Michael H. Bell*

Michael H. Bell
Abigail S. Wallach
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, Colorado 80222
Telephone: 303.764.6800
mike.bell@ogletree.com
abbey.wallach@ogletree.com

ATTORNEYS FOR DEFENDANT