**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03033-NYW-KAS

JAMES BOWLING, individually and on behalf of all
others similarly situated.

        Plaintiff,

v.

DaVita, INC.

        Defendant.

---

**PLAINTIFF'S OPPOSED MOTION TO CONSOLIDATE WITH RELATED CASE**

---

## I.    INTRODUCTION.

Plaintiff James Bowling, pursuant to Federal Rule of Civil Procedure 42(a) and D.C.Colo.LCivR 42.1, hereby moves the Court to consolidate *Anduin Lightner v. Davita, Inc.*, Case No. 1:23-cv-03104-NYW-KAS, also filed in the United States District Court for the District of Colorado ("*Lightner*"), with his case ("*Bowling*"), for all litigation purposes and through trial.

In sum, these two employment cases involve the same employee groups (nurses and technicians) against the same corporate Defendant Davita, Inc., the same counsel, the same Court and Judges, the same Fair Labor Standards Act ("FLSA") collective action allegations, the same facts, similar witnesses, and the same pay and time documentary evidence. Consolidation will serve the interests of judicial and litigant economy without delay or prejudice to Defendant and should therefore be granted.

II.     **CERTIFICATE OF COMPLIANCE WITH D.C. COLO. L. CIV. R. 7.1(A).**

On April 1, 2024, Plaintiff's counsel emailed counsel for Defendant regarding the relief sought in this Motion and to confirm whether Defendant was opposed. Plaintiff requested a response by April 3, 2024. Counsel discussed the relief sought in this motion and the April 3 deadline to confirm opposition on April 2 by telephone. However, Defendant has not responded, so Plaintiff files this Motion as opposed.

III.    **FACTUAL & PROCEDURAL BACKGROUND.**

The *Bowling* and *Lightner* cases are brought pursuant to the FLSA for unpaid overtime violations. Both *Bowling* and *Lightner* include nearly identical allegations of FLSA overtime violations against Defendant that stem from the same time periods intended to provide meal breaks. The only distinguishing factor between the two cases is that, in *Lightner*, the plaintiff brings a claim for rest break violations under the FLSA in addition to meal break claims that are identical to those also brought in *Bowling*. (*See Lighter*, ECF No. 1 at p. 7 § 5). Indeed, the Parties in both cases (including Defendants) filed Notices of Related Case. (See *Bowling* at ECF Nos. 91 and 133; *see also Lightner* at ECF Nos. 2 and 15). Essentially tracking the standard for consolidation under Rule 42(a), Defendant's Notices of Related Case state that (1) **the facts and claims are common between *Bowling* and *Lighter***; (2) the parties are the same; and (3) the same lawyers are involved in the two cases. (*See* Defendant's Notice of Related Case in *Bowling* at ECF No. 91; *compare with* Defendant's Notice of Related Case in *Lightner* at ECF No. 15).

As it relates to their procedural paths, both cases are scheduled for three-phased discovery: Phase I for issues related to FLSA conditional Certification, Phase II for issues

related to decertification, and Phase III for issues related to the merits. (See *Bowling* Scheduling Order at ECF No. 42, p. 7, § 8 "Discovery in this case will proceed in three phases."; *compare with Lighter* Scheduling Order at ECF No. 33, p. 6, § 8 "Discovery in this case will proceed in three phases.").

On July 6, 2023, *Bowling* was conditionally certified as an FLSA collective action with respect to nurses and technicians who worked at DaVita during the relevant time in Arkansas, Florida, Georgia, Louisiana, Oklahoma, New York, Tennessee, Texas, and Virginia. (ECF No. 92). *Bowling* is now at the early stages of Phase 2 discovery, and no depositions have taken place. [1] On the other hand, *Lightner* is in Phase I discovery, but plaintiff expects to soon file a motion to conditionally certify an FLSA collective action with respect to nurses and technicians who worked at all DaVita locations during the relevant time, **except** for locations covered in the Court's Order conditionally certifying *Bowling* as a collective action. As such, assuming the Court certifies a collective in *Lightner* like *Bowling*, both cases will soon be overlapping in Phase II discovery.

---

[1]     Currently, Defendant has propounded written discovery on all 2,146 Bowling Plaintiff and Opt-in Plaintiffs. Plaintiff has notified Defendant that it objects to responding because discovery in this case is to proceed on a representative basis, as is the norm in FLSA collective actions. *See, e.g., Bradford v. Bed Bath & Beyond, Inc.*, 184 F.Supp.2d 1342, 1344 (N.D. Ga. 2002); *see also Geer v. Challenge Financial Investors Corp.*, No. 05–1109–JTM, 2007 WL 1341774, at *3 (D. Kan. May 4, 2007) (court admonished defendant for seeking depositions of all 256 opt-ins and its failure to compromise with plaintiffs). Indeed, the Court has already limited the number of depositions in this case. (*See* ECF No. 127). Defendant's inflexible position raises concerns regarding its true motive for seeking to propound discovery on thousands of Plaintiffs in this case. *See Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995) (discovery of opt-ins may be necessary for discovery of common issues but cannot be undertaken for the purposes or effect of harassment of opt-in plaintiffs). The Parties are in the meet-and-confer process and will contact the Court to initiate its discovery dispute protocol.

For the above reasons, *Bowling* seeks to consolidate this case and *Lightner*. The FLSA issues in both lawsuits are almost identical. The parties are the same and are represented by the same counsel before the same Court. Indeed, both cases can be consolidated with a minimal extension to the Court's Phase II schedule in *Bowling*, with the only alteration being a short stay to allow for a decision on conditional certification in *Lightner,* so the matters can proceed through Phase II discovery together. Critically, even if conditional certification is denied in *Lightner*, both cases will proceed with merits discovery prior to trial, so overlap between the cases is inevitable.

## IV.     ARGUMENT & LEGAL AUTHORITY.

### A.  The Legal Standard for Consolidation.

Under Fed. R. Civ. P. 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The decision whether to consolidate is committed to the sound discretion of the district court. *C.T. v. Liberal Sch. Dist.*, 562 F.Supp.2d 1324, 1346 (D. Kan. 2008) (*citing Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.1978). "In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation." *Id*. In the event that the cases in fact involve a common question of law or fact, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Firstier Bank, Kimball, Neb. v. F.D.I.C. ex rel. Firstier Bank, Louisville, Colo.*, 11-CV-03231-CMA-MJW, 2012 WL 1621008, at *2 (D. Colo. May 8, 2012) (*citing Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, 09–cv–01717,

2010 WL 2035577, at *1 (D. Colo. May 21, 2010)). As the language of Rule 42(a) indicates, a district court has broad discretion to grant or deny a motion to consolidate. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1279 (10th Cir. 2001) ("[I]t is of course within the district court's discretion to consolidate the claims.").

### B. Consolidation is Appropriate Because *Bowling* and *Lightner* Involve Common Issues of Fact and Law.

There is no question that the two actions at issue involve common issues of fact and law. Indeed, Defendant's very own Notices of Related Case admit so. (*See* Defendant's Notice of Related Case in *Bowling* at ECF No. 91; *compare with* Defendant's Notice of Related case in *Lightner* at ECF No. 15). Defendant's Notices of Related Case are based on the undisputed facts that the two actions involve similar parties, namely, Davita, Inc., and formerly employed nurses and technicians represented by the same counsel and before the same Court and Judges. Moreover, both actions are FLSA lawsuits based on the denial of overtime pay stemming from missed meal and rest breaks. Indeed, Defendant has pleaded in its Answer the same seventeen defenses to both lawsuits. (See *Bowling* at ECF No. 36, p. 7; *compare with Lighter* at ECF No. 13, p. 7).

Because of the similarities between *Bowling* and *Lightner*, the two matters will involve similar witnesses and the same documentary evidence related to the same policies and practices at issue. While there may be some small differences in the facts bearing on meal break violations as opposed to rest break violations, these minor differences do not outweigh the tremendous overlap in issues such as the uncompensated meal break issue alleged in both cases, whether Defendant has a good faith basis for its actions at issue in both cases, and whether Defendant willfully violated the FLSA also at issue in both cases.

Plaintiff expects that Defendant will focus its opposition to consolidation on the rest break allegation present in *Lightner* but not in *Bowling*, arguing that FLSA rest break claims are substantially different than meal break claims, and thus, it is unduly prejudiced by litigating the claims together. First, Defendant will litigate both claims concurrently regardless of consolidation (albeit with additional expense if consolidation is denied). Second, the rest break claims are substantially similar and do not involve different defenses and legal analysis from Plaintiff's meal break claim.[2] Rather, Plaintiff's meal break claims and the rest break claims arise from the same conduct—Defendant's failure to pay for all hours worked during meal breaks. Defendant's failure to pay *Lightner* for rest breaks stemming from interrupted meal breaks is a natural extension from the FLSA meal break claims at issue both in *Lightner* and in *Bowling*.

To put this issue in perspective, Defendant requires its nurses and technicians to respond to all work demands related to patient care and safety both while they are actively engaged on the floor and while attempting a meal break.  Remaining on duty in this way means all meal breaks Defendant purports to provide to nurses and technicians were subject to interruption. In other words, Defendant requires its nurses and technicians to remain available at all times they are physically present on the jobsite to care for patients. On innumerable occasions documented in the time and pay records, Plaintiff and the putative class members were required to clock back in, prior to taking a full 30-minute meal break because it was cut short by an interruption, or for other reasons immaterial to

---

[2]    As mentioned before, Defendant is asserting identical defenses in its Answer to *Bowling* and *Lightner*.

the merits of their meal break claims. When an employee clocks out intending to take a 30-minute break, but then clocks back in to address patient care, the shortened period lasting 20 minutes or less becomes a compensable "rest break" under the law. However, Defendant did not pay Plaintiff and the putative class members for the resulting rest breaks lasting 20 minutes or less in duration. Regardless of whether this short break was intended to serve as a meal break, but was cut short due to an interruption, such short breaks are compensable time under the FLSA. In essence, the dispute concerning meal and rest breaks is not a fragmented issue but rather a collective grievance, born out of a singular alleged violation of the FLSA.

Even assuming some differences between the cases, minor differences in the meal and rest breaks should not preclude consolidation. *See Ferrari v. Impath, Inc.*, 03 Civ. 5667, 2004 WL 1637053 at *2, n.5 (S.D.N.Y. July 20, 2004); *In re Cendent Corp. Litigation*, 182 F.R.D. 476, 478 (D.N.J. 1998) (Rule 42 does not demand "that actions be identical before they may be consolidated"). The commonality in *Bowling* and *Lightner* is sufficient reason to consolidate these two actions.

### C.  Consolidation Conserves Judicial Resources.

Consolidating the *Bowling* and *Lightner* actions conserves judicial resources because it would eliminate duplicative briefings, hearings, and trial.

Here, both actions are pending before United States District Judge Nina Y. Wang and United States Magistrate Judge Kathryn A. Starnella. Consolidation would eliminate the need for duplicative briefing regarding decertification issues after Phase II discovery is completed, assuming *Lightner* is conditionally certified as a collective action. In addition, any

discovery disputes (such as the one currently in *Bowling* involving the need for representative discovery) can be heard and resolved once, rather than in duplicative proceedings. Furthermore, Phase II and III discovery can run together, so there is no need to depose the same witnesses multiple times and produce the same batches of documents in both cases. Lastly, merits issues can be decided together rather than through duplicative motion practice.

At least one other district court in Colorado has granted a motion to consolidate multiple FLSA cases against the same employer alleging the same or similar claims. *See Stransky v. HealthONE of Denver, Inc.*, No. 11-CV-2888-WJM-MJW, 2014 WL 1328585, at *4 (D. Colo. Apr. 3, 2014) ("Pursuant to Rule 42(a) and D.C.COLO.LCivR 7.5E, the Court finds that the Stransky and Brooks Actions involve common questions of law or fact, including the same Defendant and common claims under the FLSA. The Court finds that consolidation of these two cases will avoid unnecessary costs and delays.")

Consolidation will also preserve the Court's resources by eliminating the need for two trials where there is significant redundancy in the evidence and testimony to be presented. If there were two trials, the same expert witnesses may have to testify regarding the measure of damages. The same fact witnesses would have to testify in both trials about fundamental issues such as Defendant's meal break policy and practice.

Here, consolidation makes sense. Doing so would pose no additional burdens on the Court or the citizens of Colorado who might sit on the jury. Furthermore, consolidation would streamline discovery and further pre-trial practice for the litigants by eliminating duplicative

motion and discovery practice and by eliminating the need to engage expert witnesses for two separate trials about primarily the same issues.

### D. Consolidation Does Not Prejudice Any Party.

Consolidation under these circumstances does not prejudice Defendant or give Plaintiffs in both actions any unfair advantage. On the contrary, as stated above, consolidation would benefit the Parties because it reduces duplicative efforts and costs. Moreover, consolidation will not delay the proceedings, as *Lightner* will soon be in Phase II discovery, assuming the Court conditionally certifies the same violation pleaded in *Lightner* as was pleaded in the conditionally certified *Bowling* action. It makes sense to allow the second case to "catch up" so to speak, to allow for one efficient proceeding.[3] "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFLCIO*, 751 F. 2d 721, 728 (5th Cir. 1985).

### E. In the Alternative, Plaintiff requests that the Court Consolidate *Bowling* and *Lightner* for the Purpose of Conducting Discovery.

---

[3]     Even if the Court decides not to conditionally certify *Lightner* as a collective action, the two cases can be consolidated and proceed together. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 584 U.S. 59, 70 (2018) (*quoting Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933)). "[O]ne of multiple cases consolidated under the Rule retains its independent character, at least to the extent it is appealable when finally resolved, regardless of any ongoing proceedings in the other cases." *Id*. at 60. *See also Cooper Clark Found. v. Oxy USA Inc.*, 785 F. App'x 579, 584 (10th Cir. 2019) (citing *Hall*).

As discussed, at minimum there will be significant overlap between *Bowling* and *Lightner* as it relates to discovery. For that reason, should the Court not allow consolidation for all litigation purposes through trial, then Plaintiff respectfully requests that the two cases be consolidated for the limited purpose of conducting discovery. *See, e.g. Schone v. Automobile Club Inter-Insurance Exchange*, Case Nos. 14-2156-KGS, 14-2186-CM-KGS, 2014 WL 11485716, at *2 (D. Kan. July 31, 2014) ("In this case, the Court finds that consolidation for the purposes of discovery and all pretrial matters would serve the interests of judicial economy without unfairly prejudicing the parties. Both parties agree that it is logical and practical to consolidate these matters for discovery and questions of law under Kansas statutes and the insurance policy in question. Further, these matters arise out of the same motor vehicle collision and involve the same witnesses. Moreover, similar relief is being sought in both cases.").

## V.   CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that the Court consolidate *Bowling* and *Lightner* for all purposes. In the alternative, should the Court not allow consolidation for all litigation purposes through trial, then Plaintiff respectfully requests that the two cases be consolidated for the limited purpose of conducting discovery.

Date: April 3, 2024.

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas State Bar No. 24062947
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas State Bar No. 24080773
marbuckle@wageandhourfirm.com
**WAGE AND HOUR FIRM, LLP**

5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Telephone: 214-489-7653
Facsimile:469-319-0317
**ATTORNEYS FOR PLAINTIFF &
PUTATIVE FLSA COLLECTIVE ACTION**

## CERTIFICATE OF SERVICE

I certify that this document was served to all parties of record through their counsel via the Court's ECF system on April 3, 2024.

*s/ Ricardo J. Prieto*
Ricardo J. Prieto