**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-03033-NYW-KAS

JAMES BOWLING, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DAVITA, INC.,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's Opposed Motion to Consolidate with Related Case (the "Motion" or "Motion to Consolidate"). [Doc. 151]. For the reasons set forth in this Order, the Motion to Consolidate is respectfully **DENIED without prejudice**.

## BACKGROUND

This Court has previously set out the background of this case in detail, *see* [Doc. 92], and repeats it here only as necessary for purposes of this Order. Plaintiff James Bowling ("Plaintiff" or "Mr. Bowling") initiated this collective action on November 10, 2021, [Doc. 1], and filed his Amended Complaint on February 14, 2022, [Doc. 31]. Plaintiff alleges generally that Defendant DaVita, Inc. ("Defendant" or "DaVita") failed to provide bona fide meal breaks to its employees and failed to adequately compensate its employees for time worked during their meal breaks in violation of the Fair Labor Standards Act ("FLSA"). [*Id.* at ¶¶ 1, 4]. Accordingly, Mr. Bowling claims that DaVita violated the FLSA by failing to properly compensate employees for overtime hours

worked.  [*Id.* at ¶ 4].  Mr. Bowling asserts a single FLSA claim based on these alleged violations.  [*Id.* at ¶¶ 5, 31–39].

**The Procedural Posture of this Case.**  On April 15, 2022, the Honorable Kristen L. Mix entered a Scheduling Order, which contemplates three phases of discovery.  [Doc. 42 at 7].  The Scheduling Order states:

> The first phase of discovery will focus on the Named Plaintiff[] and opt-in plaintiffs and the discovery necessary for conditional certification of the FLSA collective action.  If an FLSA collective action is certified, then the second phase will, if and as appropriate, focus on (1) the claims of those individuals who file consents to join the action under 29 U.S.C. § 216(b), and (2) whether de-certification is warranted.  If any conditionally certified collective action is not de-certified, then the third phase would focus on the merits of the claims, and the Plaintiff['s] and collective members' damages.

[*Id.*].  The first phase of discovery closed on September 22, 2022.  *See* [*id.* at 8; Doc. 48].

In October 2022, Plaintiff moved to amend his Complaint to add allegations of "FLSA rest break violations on behalf of himself, the Opt-in Plaintiffs," and the members of the collective, *see* [Doc. 60 at 1], and also moved for conditional certification a nationwide collective of certain DaVita nurses and technicians, *see* [Doc. 73 at 18–19].  Judge Mix recommended denying Plaintiff's motion to amend for lack of good cause under Rule 16(b)(4).  [Doc. 89 at 9].  Specifically, she concluded that Plaintiff had not acted diligently in seeking leave to amend after he learned about the alleged rest-break violations.  [*Id.* at 5].  The Court adopted that recommendation after no Party filed objections.  [Doc. 90].

This Court later granted in part and denied in part Plaintiff's request for conditional certification; the Court declined to conditionally certify a nationwide or companywide collective, but it permitted conditional certification "with respect to nurses and technicians who worked at DaVita during the relevant time period in . . . nine states:  Arkansas;

Florida; Georgia; Louisiana; Oklahoma; New York; Tennessee; Texas; and Virginia."
[Doc. 92 at 15].  After this Court granted conditional certification, the case proceeded to
the second phase of discovery.  *See* [Doc. 128 ("Scheduling Order Re Phase II
Discovery")].  The second phase of discovery is set to close on October 31, 2024.  [*Id.* at
5].

 ***The* Lightner *Case.***  On November 21, 2023, Anduin Lightner initiated a case
against DaVita in this District:  *Lightner v. DaVita*, Inc., No. 23-cv-03104-NYW-KAS, (D.
Colo. Nov. 21, 2023).[1]  In *Lightner,* the plaintiff raises allegations about meal-break
violations similar to the allegations in this case, and also asserts allegations about rest-
break violations.  *See, e.g.*, [*Lightner*, ECF No. 1 at ¶¶ 1–4].  The *Lightner* plaintiff purports
to bring the case on behalf of two collectives:

> All current and former hourly paid nurses and technicians employed at all
> DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana,
> New York, Oklahoma, Tennessee, Texas, and Virginia, to provide direct
> patient care at any time during the three years before this Complaint was
> filed up to the present who, as a result of Defendant's practice of deducting
> 30 minutes from each shift worked and not paying for same, did not receive
> all of the overtime pay to which they were entitled under the FLSA in the
> weeks of their employment in which said nurses and technicians worked
> more than forty (40) hours per week[, and]

> All current and former hourly paid nurses and technicians employed at all
> DaVita locations excluding those in Arkansas, Florida, Georgia, Louisiana,
> New York, Oklahoma, Tennessee, Texas, and Virginia, to provide direct
> patient care at any time during the three years before this Complaint was
> filed up to the present who, as a result of Defendant's practice of not paying
> for rest breaks 20 minutes or shorter in duration, did not receive all of the
> overtime pay to which they were entitled under the FLSA in the weeks of
> their employment in which said nurses and technicians worked more than
> forty (40) hours per week.

---

[1] When this Court cites to docket entries filed in *Lightner*, the Court uses the convention
"ECF No. ___."

[*Id.* at ¶ 6].  In other words, the *Lightner* plaintiff seeks to assert claims that Mr. Bowling was precluded from bringing and on behalf of a collective that Mr. Bowling was precluded from acting on behalf of.

Judge Starnella issued the Scheduling Order in *Lightner* on March 7, 2024. [*Lightner*, ECF No. 33].  Like this case, *Lightner* is to proceed through discovery in three phases.  [*Id.* at 6].  *Lightner*'s first phase of discovery ended on July 21, 2024, [*id.* at 7–8], and the *Lightner* plaintiff's motion for conditional certification is due August 21, 2024, [*id.* at 7].

Mr. Bowling now asks this Court to consolidate this case with *Lightner*.  [Doc. 151 at 1].  He argues that consolidation is appropriate because the cases "involve the same employee groups (nurses and technicians) against the same corporate Defendant Davita, Inc., the same counsel, the same Court and Judges, the same [FLSA] collective action allegations, the same facts, similar witnesses, and the same pay and time documentary evidence."  [*Id.*].  Defendant opposes consolidation, arguing that (1) *Bowling* and *Lightner* involve materially different questions of law and fact, [Doc. 162 at 4]; (2) consolidation will delay progression of *Bowling* and prejudice DaVita and the *Bowling* opt-in plaintiffs, [*id.* at 7, 10]; and (3) consolidation will confuse the jury, [*id.* at 12].  DaVita contends that requesting consolidation is Plaintiff's attempt to circumvent the rulings that narrowed his claims in this case.  [*Id.* at 1].  The Court addresses the Parties' arguments below.

### LEGAL STANDARD

Rule 42 permits a court to consolidate civil actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  The purpose of Rule 42 is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of

the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). As such, judicial economy and fairness to the parties are factors courts consider when ruling on motions to consolidate. *Young v. Frontier Airlines, Inc.*, No. 20-cv-01153-PAB-KLM, 2020 WL 4193506, at *1 (D. Colo. July 21, 2020).

The party moving for consolidation bears the burden to show that consolidation of cases is warranted. *Daniel T. v. Bd. of Cnty. Comm'rs for Cnty. of Otero*, No. 07-cv-01044-WPL-LCS, 2008 WL 11399520, at *1 (D.N.M. Mar. 20, 2008). The decision to consolidate cases is within "the sound discretion of the trial court." *Decoteau v. Raemisch*, 304 F.R.D. 683, 691 (D. Colo. 2014).

## ANALYSIS

Plaintiff argues that the *Bowling* and *Lightner* cases should be consolidated because (1) the cases involve common questions of fact and law; (2) consolidation would conserve judicial resources "because it would eliminate duplicative briefings, hearings, and trial," and (3) consolidation would not prejudice any party. [Doc. 151 at 5–9]. For the reasons set forth in this Order, the Court respectfully disagrees.

First, the Court acknowledges the similarities between the two cases at a high level—both cases allege violations of the FLSA by DaVita with respect to its nurses and technicians. *See* [Doc. 31 at ¶¶ 1–4; *Lightner*, ECF No. 1 at ¶¶ 1–4]. However, *Lightner* involves a more expansive set of allegations, alleging that DaVita not only deprived nurses and technicians of meal breaks, but also rest breaks, and seeks to assert claims on two collective groups of nurses and technicians with a far wider reach than the conditionally certified collective in this case. *See* [*Lightner*, ECF No. 1 at ¶¶ 4, 6, 31–34].

While Plaintiff argues that the two cases "do not involve different defenses [or] legal analysis" and instead "arise from the same conduct—Defendant's failure to pay for all hours worked," [Doc. 151 at 6], the Court respectfully finds that this argument is overly simplistic. The Court already concluded, in the context of ruling on conditional certification, that Plaintiff in this case had not provided any evidence that there is a company-wide policy or practice across all DaVita locations with respect to the alleged meal-break violations. *See* [Doc. 92 at 14–15]. If there is no such company-wide policy, the relevant facts or law may differ by state, or even by DaVita location. The Court is thus not convinced, at this point in the litigation, that overlap between the two cases renders consolidation appropriate.

Next, insofar as Plaintiff says that consolidation would conserve judicial resources, this assertion is qualified by the statement that the conservation of resources would occur "after Phase II discovery is completed, assuming *Lightner* is conditionally certified as a collective action." [Doc. 151 at 7]. In other words, the Court would need to pause all progress in *Bowling* while the anticipated motion for conditional certification in *Lightner* is filed, briefed, and ruled on, and then continue that delay until the second phase of discovery is completed in *Lightner*. The Court is not inclined to inject delay into this case, which was filed in 2021, especially when there is no guarantee that the Court will grant conditional certification in *Lightner* (or, if granted, the scope of the collective conditionally certified). *Cf. David A. Bovino P.C. v. MacMillan*, No. 12-cv-00551-PAB-KMT, 2015 WL 3903111, at *4 (D. Colo. June 24, 2015) (considering that one case had been pending for more than three years, had completed discovery and other pretrial matters, and had been set for trial in declining to consolidate it with newer case). "[C]ases that linger on the

6

Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and "[t]he Court has an interest in managing its docket by having the cases on its docket proceed expeditiously," *WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-cv-01153-MSK-KLM, 2014 WL 4748296, at *7 (D. Colo. Sept. 24, 2014). Accordingly, the Court does not find that consolidation is in the interest of judicial economy.

The Court also finds that consolidation might lead to confusion of the issues for the jury, the Parties, and the Court. The Court acknowledges that many questions remain with respect to final certification in this case and conditional certification in *Lightner*, but assuming that the collective in this case and the proposed collectives in *Lightner* are finally certified, the jury would be required to keep straight three separate collectives, some of which have overlapping allegations and some of which do not. Even with curative and detailed jury instructions, the Court is concerned that it would be unable to fully eliminate the risk of confusion and that the efforts required to alleviate confusion—from both the Court and the Parties—would eliminate any efficiency gained from consolidation. And the Court's consideration of juror confusion is particularly relevant here, where Plaintiff has been precluded from raising claims based on a failure to pay for rest breaks and on behalf of nurses or technicians in 41 states. *Cf. Anderson v. Nat'l City Bank*, No. 06-cv-02427-REB-MJW, 2007 WL 3090801, at *1 (D. Colo. Oct. 19, 2007) (denying motion where "consolidation would essentially permit plaintiff to pursue claims that have already been determined to be procedurally barred in this case"); *see also Daniel T.*, 2008 WL 11399520, at *2 (denying consolidation where the "minimal saving on judicial resources [wa]s low, while the possibility of jury confusion and prejudice . . . [wa]s high").

Finally, Plaintiff mentions in his Reply that consolidation would "result[] in less expense and burden to the Parties." [Doc. 164 at 3]. However, the judges and attorneys are the same across both cases, which should assist in streamlining discovery. *See Aragon v. Weiss*, No. 16-cv-02115-PAB-MJW, 2016 WL 11697240, at *2 (D. Colo. Nov. 22, 2016) ("The attorneys who represent plaintiff and defendant in each case are the same in all cases. Thus, there are no hurdles to communication among the different cases. There also do not appear to be any impediments to cooperation among counsel to streamline the discovery process." (citation omitted)). And the Court must note that any extra expenses arising from having two pending parallel cases are at least partially attributable to Plaintiff and his counsel's litigation decisions in this case, and the Court is not convinced that the consequences of those litigation strategies are enough to warrant consolidation.

In the alternative, Plaintiff asks the Court to consolidate the cases for purposes of conducting discovery. [Doc. 151 at 9–10]. In support, Plaintiff argues only that "there will be significant overlap between *Bowling* and *Lightner* as it relates to discovery." [*Id.* at 10]. This cursory argument is insufficient to convince the Court that consolidation of these cases for discovery is warranted. *Bowling* and *Lightner* are in two different phases of discovery and two different stages of litigation, and Plaintiff does not explain how the cases may be efficiently consolidated for discovery or how consolidation would not result in the procedural delays in *Bowling* discussed above. Moreover, the Parties may discuss with Judge Starnella ways to streamline discovery or minimize costs, such as discussing whether discovery propounded in this case may be used in *Lightner*, or vice versa. *See Sikora v. CBM Partners Corp.*, No. 13-cv-00195-WJ-RHS, 2013 WL 12155227, at *2

(D.N.M. June 3, 2013) ("To the extent that some discovery may overlap, duplication can be minimized or avoided, since parties may request the use of discovery and deposition testimony from both cases to be used in more than one of the cases.").

If it becomes clear during discovery that common questions of law and fact exist between the two cases, and if Plaintiff uncovers any evidence of a company-wide policy applicable to both cases broadly, the Court may entertain a renewed motion to consolidate the cases for trial. But at this time, Plaintiff has not demonstrated that consolidation of these cases is appropriate or necessary.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1)    Plaintiff's Opposed Motion to Consolidate with Related Case [Doc. 151] is **DENIED without prejudice**.


DATED:  July 30, 2024                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

9